MOVIUS LAND & LOAN COMPANY, a Corporation, Appellant, v. ALLEN E. SAUNDERS, Respondent.

(199 N. W. 133.)

**Vendor and purchaser — evidence held to sustain judgment for defendant in an action on contract to pay cost of drain.**

The instant case is one to recover money upon a contract. The trial court made findings of fact and conclusions in favor of the defendant and judgment was entered accordingly. For reasons stated in the opinion, it is held that the judgment should, be affirmed.

Opinion filed May 23, 1924.

Appeal and Error, 4 C. J. § 2853 p. 878 n. 82, p. 881 n. 7. Vendor and Purchaser, 39 Cyc. p. 2102 n. 67.

From a judgment of the District Court of Richland County, *Allen,* J., plaintiff appeals.

Affirmed.

*W. E. Purcell,* for appellant.

*Wolfe & Schneller,* for respondent.

"The judgment of the trial court upon the facts must still have weight and influence in this court especially when based upon the testimony of witnesses who appear in person before the court." Christenson v. Farmers Warehouse Asso. 5 N. D. 438; Englert v. Dale, 25 N. D. 587; Merchants Nat. Bank v. Collard, 33 N. D. 556.

CHRISTIANSON, J.  On June 24th, 1919, the plaintiff and defendant entered into a certain written contract, under the terms of which the defendant sold and agreed to convey unto the plaintiff a certain 320-acre tract of land situated in Sargent county in this state, in consideration of certain payments to be made by the plaintiff as stipulated in the contract.  The contract contained the following provision:

"Party of the second part to complete tile drain on said land into Grass creek about 500 feet of which is not completed, in accordance with agreement made by party of the first part with Kingston Twp. Board, and receive therefor from the Township the money that was to be paid to party of the first part."

The litigation before us involves this provision of the contract and the drain therein referred to.

The contract between the plaintiff and the defendant involved in this action is dated June 24th, 1919.  The evidence shows that the defendant Saunders had owned the tract in controversy for more than twenty years prior to that time; that he had bored an artesian well upon the premises, the overflow from which emptied into a slough covering about forty acres of land and that the water from this slough so augmented from the well at times would overflow the highway on the section line along the west side of the land in controversy, and, also, the land of some of the adjoining neighbors.  The trustees of the township had threatened to institute certain legal proceedings against the defendant with the result that he agreed to construct a tile, drain along the section line for a distance of about one-half mile.  No part of the drain to be so constructed, however, was upon the land in controversy. The defendant Saunders commenced the construction of such drain in the fall of 1917.  He continued such construction in 1918, laying in all about 2,200 feet of six-inch tile.  There remained about 500 feet of the drain unfinished.  This was the condition at the time the contract was entered into between the plaintiff and the defendant, and is the situation alluded to in the clause in the contract above set forth. The plaintiff took possession of the land in the fall of 1919 or spring of 1920 and undertook to complete the ditch or drain.  In the complaint of the plaintiff it is alleged: "That soon after the said contract was entered into as aforesaid the plaintiff attempted to complete the said drain but upon making an examination thereof the plaintiff found

that the portion of the said drain already completed was defectively constructed in that at places the tile drain was laid so high that water would not run from the said slough into the said Grass creek, and that in places, either by mistake or design, no tile had been laid at all, in other words, that there were frequent gaps in the tile and that the said drain as constructed could not be completed so as to carry off the water from said pond or slough without very great expense, and further that the representations of defendant so made as aforesaid that Kingston township and certain farmers owning land adjoining had agreed to bear the expense of completing said drain were not true, and that in fact the said township and said farmers had not agreed to bear any part of the expense of the construction of said drain; and refused to bear any part of the expense of the construction of said drain; that later, *and after plaintiff had discovered the matters and things hereinbefore enumerated with respect to said tile drain, it was agreed by and between the said plaintiff and defendant that the plaintiff should employ an engineer to make a new survey for a new drain between the points aforesaid and to construct a new drain that would properly operate in the draining of the water from said slough or pond into said Grass creek and should remove the tile from the old drain and use the same in the construction of the new drain, and that the defendant should pay to the plaintiff the necessary cost and expense of said new drain; that thereupon the plaintiff did employ an engineer who did in fact make a new survey for a new tile drain and did in all things construct said new drain, which said new drain operated properly and did convey all the water from the said pond or slough and empty the same into said Grass creek, and that said drain has ever since operated properly and successfully. That in the location and construction of said new drain as aforesaid the plaintiff necessarily expended the sum of $1,595.50, which said sum was a reasonable sum for the work, labor and material necessary in the location and construction of said drain; that the defendant has not paid to plaintiff the sum or any part thereof but is now justly indebted to the plaintiff in said sum of $1,595.50, and legal interest thereon from the date of the completion of said tile drain, to wit: the 19th day of July, 1920; that the agreement between the said parties as aforesaid has been in all things completed save and except the payment of the expenses thereof by defendant.*"

The judgment demanded by the plaintiff is for said sum of $1,595.50 with interest, costs and disbursements. The answer denies the agreement so set forth in the complaint and alleges that "the plaintiff, before purchasing the land mentioned in the complaint, fully and at will inspected the same including the drain mentioned therein and the maps, plats and profiles thereof and knew the true condition of the same and was fully informed of the true condition thereof by the defendant. That this defendant fully and completely carried out the contract and agreement made between him and the plaintiff in relation to said land and said drain, and the plaintiff, with full knowledge of the facts, voluntarily accepted such performance."

The cause was tried to the court without a jury and resulted in findings in favor of the defendant for a dismissal of the action.

While a number of errors are assigned, all those argued involve the admissibility and sufficiency of the evidence and the correctness of the findings and conclusions of law of the trial court.

The only issue of fact tried in the district court was whether the plaintiff and defendant had entered into the oral contract mentioned in the complaint and set forth above. While it will be noted that there is some intimation in the complaint that there was misrepresentation on the part of the defendant as regards the drain, there is no evidence tending to establish any such contention. The undisputed evidence shows that at the time the defendant commenced the construction of the drain and during all the time he was engaged in such construction he was the owner of the land, and there is nothing to indicate that he had any intention to offer the land for sale or to sell the same at that time; or that the drain was constructed for the purpose of inducing the plaintiff or any one else to purchase the land. In this connection it may be mentioned that the plaintiff and not the defendant initiated the negotiations for the purchase and sale of the land. The defendant, personally, had little or nothing to do with the construction of the drain; but the work was done by persons employed by him for that purpose. Hence, the sole and determinative issue of fact presented upon the trial was whether the plaintiff and defendant entered into the oral contract set forth in the complaint. Upon this question there was a square conflict in the evidence. The secretary of the plaintiff corporation testified that such contract was made. On the other hand the defendant and his wife (from whom he had been divorced interim the

date of the alleged contract and the date of the trial) both testified that no such agreement was made. The trial court found in favor of the defendant on this issue. Hence, we find it unnecessary to determine the question, raised by the respondent, whether the evidence tending to establish the alleged oral contract was or was not within the inhibition of the parol evidence rule. For the trial court, who saw the witnesses and heard their testimony decided, that giving full force and effect to all the evidence adduced, the plaintiff had nevertheless failed to sustain the burden of proof. In other words, the trial court was of the opinion that the plaintiff had failed to establish the contract which it alleged, and for the breach of which it asked to be compensated. And we are all agreed that the decision of the trial court not only has substantial support in the evidence, but is in accord with a preponderance of the evidence.

There is also some contention on the part of the plaintiff that there was an implied warranty that the drain alluded to in the written contract was properly constructed; and that, wholly aside from the oral agreement, the plaintiff was entitled to recover for the breach of such implied warranty. In his brief plaintiff says: "He (defendant) sold the land to the plaintiff with a clause in the contract, which in law means that he had constructed a tile drain, which when completed into Grass creek would drain that slough and prevent the overflowing of the highway and the neighbors' land." And again: "Plaintiff contends that in the contract defendant warrants that there is a tile drain, which when extended into Grass Creek, will function and drain the water from the slough and prevent the overflowing of the highway and his neighbors' land."

In our opinion no such obligation can be implied from the language used in the written contract. And, as already stated, there is no evidence, whatsoever, tending to show that the defendant made any representations whatsoever as to the condition of the drain, or even that defendant knew that the drain was in any manner defective.

The judgment appealed from is affirmed.

BRONSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.